# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN EUGENE HOPKINS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:10-CV-142-TS |
| v. ) | |
| ) | |
| MARK SEVIER, *et al*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Kevin Eugene Hopkins, Sr., proceeding *pro se*, filed a Prisoner Complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Hopkins' complaint is somewhat

difficult to parse, but giving the document liberal construction, he alleges that the Indiana Department of Correction (IDOC) has assigned him the wrong security classification. Hopkins complains that he is being held at Miami Correctional Facility (MCF), a medium security prison, and asks the Court to order his transfer to Chain O'Lakes Correctional Facility or another minimum security prison. He believes that, based on his behavior in prison, he does not belong at MCF and alleges that continuing to house him there violates his due process rights. The law is clear, however, that Hopkins has no due process right to be housed in any particular correctional facility or to be housed in the facility of his choice. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). As the United States Supreme Court has explained:

> The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution. The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.

*Meachum*, 427 U.S. at 224 (emphasis in original). Similarly, Hopkins does not have a protected liberty interest in a particular security classification. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Instead, a prisoner is entitled to due process protections only when the state's action imposes an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Id.*; *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."). Being assigned to a medium security prison based on one's security

classification is certainly not an "atypical" or "significant" hardship in relation to the ordinary incidents of prison life. Therefore, Hopkins has failed to state a due process claim.

Hopkins further alleges that he has been subject to cruel and unusual punishment. The Eighth Amendment prohibits conditions of confinement that deny inmates "basic human needs" or "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Antonelli*, 81 F.3d at 1427. Inmates are entitled to adequate food, clothing, shelter, and medical care. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347–49 (1981). As stated above, the sole allegation in Hopkins' Complaint is that he believes he should be transferred to a minimum security prison rather than remaining at MCF. The Court does not doubt that Hopkins would prefer to be in a prison with a less restrictive setting, but he does not allege any facts that would allow the Court to reasonably infer that he is denied basic human needs or the minimal civilized measure of life's necessities at MCF. Accordingly, Hopkins' allegations fail to state a claim for relief under 42 U.S.C. § 1983.

For the foregoing reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

SO ORDERED on April 29, 2010.

                                  s/ Theresa L. Springmann
                                  THERESA L. SPRINGMANN
                                  UNITED STATES DISTRICT COURT
                                  FORT WAYNE DIVISION